IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK CHESTNUT, Sr., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:25-00237-KD-B |
| | ) |
| KENNETH WILLIAMS, et al. | ) |
| | ) |
|    Defendants. | ) |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the report and recommendation to which objection is made, the report and recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1) and dated December 22, 2025, (Doc. 40), is **ADOPTED** as the opinion of this Court. It is **ORDERED** that Plaintiff Frank Chestnut, Sr.'s motion to remand, (Doc. 10), is **GRANTED**, and Plaintiff's request for attorney's fees, expenses, and costs is **DENIED**.

To clarify, "snap removal" is not properly invoked in this case. "[S]nap removal is a term of art used to describe a defendant's proper invocation of [the forum-defendant rule] to remove an action before a named [forum defendant] has been served." In re Levy, 52 F.4th 244, 247 (5th Cir. 2022). The forum-defendant rule provides: "A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). On the one hand, the forum-defendant rule *precludes* removal based on diversity jurisdiction when the forum defendant *is* properly joined and served. On the other hand, its plain text *does not preclude* a "snap removal" based on diversity jurisdiction when the forum defendant *is not* properly joined and served.

1

Snap removal is only proper when there is complete diversity. A prerequisite for invocation of the forum-defendant rule is the existence of diversity jurisdiction. 28 U.S.C. § 1441(b). Diversity jurisdiction requires complete diversity among the parties. 28 U.S.C. § 1332(a). "By reading §§ 1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if complete diversity exists among all *named* parties: Each plaintiff must be diverse from each defendant, *i.e.*, there must be what is known as 'complete diversity.'" In re Levy, 52 F.4th 244, 246 (5th Cir. 2022).

Snap removal cannot be used to manufacture diversity jurisdiction. "The forum-defendant rule is a procedural rule," so "it cannot confer jurisdiction where jurisdiction does not exist." Id. at 247 (citation modified). Put another way, "the complete-diversity requirement cannot be circumvented through failure to serve a party that would otherwise destroy complete diversity." Id. at 246. Although some parties' citizenship may be disregarded for purposes of diversity jurisdiction (*e.g.*, fraudulently joined parties), "the law seems to be settled that whether defendants have been served is irrelevant; diversity for purposes of removal is based on the citizenship of all the parties named in the complaint."16 Moore's Federal Practice § 107.52 (2026); see also M & B Oil, Inc. v. Federated Mut. Ins. Co., 66 F.4th 1106, 1110 (8th Cir. 2023) ("[S]nap removal cannot cure a lack of complete diversity.").

In the snap-removal cases cited in the objection, there was complete diversity. For example, in Morrison v. Weyerhaeuser Co., this Court had already been assured "of its diversity jurisdiction because there [was] complete diversity of citizenship between the plaintiffs and the defendants." Weyerhaeuser Co.'s Obj. to R. & R. on Plfs.' Mot. to Remand at 2, Morrison v. Weyerhaeuser

Co., No. 2:25-CV-00095-KD-N (S.D. Ala. July 8, 2025).[1] Likewise, there was complete diversity in the snap-removal cases cited in Morrison v. Weyerhaeuser Co., No. 2:25-CV-00095-KD-N, 2025 WL 2684351 (S.D. Ala. July 31, 2025).[2]

Here, snap removal was not properly invoked because there is not complete diversity among the parties. (Doc. 40 at 6) ("Captain D's . . . tacitly acknowledges that Plaintiff and [Defendant] Williams are both citizens of Alabama."). On this point, the Court agrees with the Magistrate Judge's determination that Defendant Williams was not fraudulently joined, (Doc. 40 at 25–26), and that diversity jurisdiction is determined "at the time of removal." (Doc. 40 at 26 n.7) (citing PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016)). Therefore, the Magistrate Judge correctly concluded that "this Court . . . lacked subject matter jurisdiction at the time of removal, [and] Plaintiff's subsequent failure to serve Williams is a matter that should be left to the state court to resolve." (Doc. 40 at 26 n.7).

This action is **REMANDED** to the Circuit Court of Dallas County, Alabama.

**DONE** and **ORDERED** this **30th day of January 2026.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] In Morrison, the plaintiffs were Florida citizens. Weyerhaeuser Co.'s Opp'n to Mot. to Remand at 3, Morrison v. Weyerhaeuser Co., No. 2:25-CV-00095-KD-N (S.D. Ala. Apr. 9, 2025). Two defendants were citizens of Washington, Michigan, and Colorado. Id. The forum-defendant was a citizen of Alabama. Id.

[2] See Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 149 (3d Cir. 2018) (explaining that the plaintiff was a citizen of Illinois and that the defendant was a citizen of Pennsylvania); Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc., 955 F.3d 482, 485 (5th Cir. 2020) ("Here, the district court had subject-matter jurisdiction because each defendant was diverse from the plaintiff."); Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 704 n.2 (2d Cir. 2019) ("The parties do not contest that the plaintiffs . . . are diverse from Defendants.").